IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KEVIN OGOKE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:15-CV-00358-J |
| | § | |
| GLOBE ENERGY SERVICES, LLC, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S ACCOUNTING OF COSTS AND ATTORNEYS'
FEES INCURRED IN PROSECUTING ITS MOTION TO COMPEL**

COMES NOW, Defendant Globe Energy Services, LLC ("Defendant" or "Globe") and files its Accounting of Costs and Attorneys' Fees Incurred in Prosecuting its Motion to Compel. Globe respectfully shows the Court as follows:

**I.   FACTUAL BACKGROUND**

On May 24, 2016, the Court granted Globe's Motion to Compel and ordered Globe to provide an accounting of its costs, including attorney's fees, incurred in prosecuting its Motion to Compel. [Clerk's Dkt No. 24]. This filing is Globe's accounting of its costs, including attorney's fees, incurred in obtaining the relief requested in its Motion to Compel.

Under Rule 37, the declaration of movant's counsel is sufficient evidence of the fees and costs that should be awarded. *See, e.g., Shipes v. Trinity Indus.*, 987 F.2d 311, 323–24 (5th Cir.), *cert. denied*, 510 U.S. 991 (1993)(affirming Rule 37 sanctions based upon counsel's affidavit). As evidenced by the declaration of Defendant's counsel, in preparing, filing and prosecuting its Motion to Compel, Defendant incurred attorneys' fees in the amount of $2,986.50. [App. 4, ¶ 13]. To determine the reasonableness of Defendant's attorneys' fees, the Fifth Circuit has adopted the lodestar method. *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir.

1999). "A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work." *Id.* "There is a strong presumption of the reasonableness of the lodestar amount." *Black v. SettlePou, P.C.*, 732 F.3d 492, 496 (5th Cir. 2013) (citing *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 800 (5th Cir. 2006)).

The court then considers whether the lodestar figure should be adjusted upward or downward depending on the circumstances of the case. In making a lodestar adjustment, the court should look at twelve factors, often referred to as the *Johnson* factors, after *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-719 (5th Cir. 1974). In this case, Globe only seeks the lodestar amount of its attorneys' fees and does not seek an upward adjustment of the lodestar amount based on the *Johnson* factors. As evidenced by Globe counsel's declaration and the attached contemporaneous billing records, the amount of time expended by Globe counsel and the corresponding hourly rate charged by Defendant's counsel are reasonable. [App. 4, ¶ 13; App. 5-10; and App. 13, ¶ 4].

A.   **The Hours Expended by Defendant's Counsel Are Reasonable and Necessary.**

Globe counsel reasonably expended 26.8 hours in taking researching, drafting and prosecuting its Motion to Compel. [App. 5-10]. That is the time spent: 1) conferring with Plaintiff; 2) drafting the Motion to Compel; 3) drafting Defendant's Reply to Plaintiff's Response to the Motion to Compel; and 4) drafting this briefing supporting the reasonableness of Defendant's attorneys' fees and costs. [Id.].

The hours reflected in Globe counsel's declaration and the attached summary of the contemporaneous billing narratives includes time spent by the participating lawyers who researched, drafted and prepared the pleadings and other activities that were inextricably intertwined with those services. [App. 5-8]. Billing discretion is shown by eliminating or

reducing time entries attributable to the work performed by paralegals and other timekeepers and further reduced by time that, with the benefit of hindsight, could be argued as duplicative, excessive or redundant. [App. 9-10]. The work performed by Globe's attorneys was reasonable and necessary to compel Plaintiff to cooperate the discovery process and require him to answer Globe's discovery to him. [App. 4, ¶ 13; 13, ¶ 4].

**B.      The Hourly Rates Charged by Defendant's Counsel Are Reasonable.**

As noted by the declaration of Russell D. Cawyer, he has been licensed to practice law in the state of Texas for over twenty years. [App. 1, ¶ 2]. He has been board certified in Labor and Employment Law by the Texas Board of Legal Specialization since 2000. [App. 1-2, ¶ 3]. He is a frequent author and speaker on labor and employment legal topics, and has represented numerous private and public companies in all manner of labor and employment legal disputes both in Texas and around the United States. [Id.]. Mr. Cawyer has tried labor and employment cases to verdict in jury trials and final judgment in bench trials. [Id.]. As a result of his experience practicing law in the area of labor and employment in Texas, Mr. Cawyer is familiar with the market rates charged for this type of work in this area. [App. 3, ¶ 9]. For attorneys with Mr. Cawyer's respective skill, experience and reputation, an hourly rate of $385 is well within the bounds of reasonableness. [App. 4, ¶ 10]. Likewise, for an attorney of Ms. Penley's [1] skill, experience and reputation, an hourly rate of $220 is well within the bounds of reasonableness. [App. 13, ¶ 4].

Federal judges in the Northern District of Texas have approved hourly rates greater than the rates requested by Globe for lawyers with similar experience as Mr. Cawyer and Ms. Penley in employment cases. *See e.g.*, *Kostic v. Texas A&M Univ. –Commerce*, 3:10-CV-02265 (N.D.

---

[1]      Ms. Penley has been practicing law in the state of Texas for two years and previously was a briefing attorney in the U.S. District Court for the Northern District of Texas—Lubbock Division. [App. 3, ¶ 10]. She is admitted to practice in the Northern, Western, and Southern Districts of Texas and by the Supreme Court of Texas.

**Defendant's Accounting of Costs And Attorneys'**
**Fees Incurred in Prosecuting Its Motion To Compel - Page 3**                                          2182903_1

Tex. Dec. 28, 2015) (Dkt No. 281) (awarding $450 per hour to board certified attorney licensed in 1995 in Title VII case); *Olibas v. Native Oilfield Services, LLC*, 104 F. Supp. 3d 791 (N.D. Tex. 2015) (finding an hourly rate of $400 to be reasonable for a lawyer graduating from law school in 1997); *Owens v. Marstek, LLC*, 3:11-CV-01435 (N.D. Tex. Feb. 28, 2013) (Dkt No. 24) (awarding attorney licensed in 1995 $495 per hour in FLSA case); *Miller v. Raytheon Co.*, 2013 WL 6838302 (N.D. Tex. Dec. 27, 2013) (finding an hourly rate of $685 to be reasonable for a lawyer graduating from law school in 1972, an hourly rate of $550 to be reasonable for a lawyer graduating from law school in 1978, and an hourly rate of $375 to be reasonable for a lawyer graduating from law school in 2005); *Wesley v. Yellow Transp., Inc.*, 2010 WL 4629972 (N.D. Tex. Nov. 8, 2010) (finding an hourly rate of $395 to be reasonable for a lawyer graduating from law school in 1996).

The reasonableness of the hourly rates of Mr. Cawyer is further supported by the Declaration of Robert Wood. [App. 13, ¶ 4]. Mr. Wood is a board certified labor and employment lawyer practicing in the Northern District of Texas. [App. 12, ¶ 2]. He is not involved in the underlying lawsuit. Mr. Wood's opinion is that based on his knowledge of the experience, skill and reputation of Globe's counsel in this case and his knowledge of the usual and customary rates charged by labor and employment lawyers in the Northern District of Texas, that the rates requested in this fee application are reasonable. [App. 13, ¶ 4].

Finally, the rates charge are also reasonable in the Amarillo Division. According to the Texas Board of Legal Specialization, there are only three board certified employment lawyers in Amarillo. [App. 11]. The lack of board certified labor and employment attorneys also justifies the reasonableness of the rates requested.

**C.   Conclusion.**

The hours charged by each attorney representing Defendant in connection with its Motion to Compel are summarized in the following chart:

| Name | Hours Billed | Hourly Billing Rate | Total Fees |
|---|---|---|---|
| Hannah Penley | 18.4 | $220 | $2,178.00 |
| Russell D. Cawyer | 3.4 | $385 | $808.50 |
| **TOTALS** | 21.8 | | $2,986.50 |

[App. 5-10]. The number of hours and hourly rates reflected in the immediately foregoing chart are reasonable, necessary, appropriate, and within the Northern District of Texas. [App. 4, ¶ 13].

Globe incurred no more than de minimus cost in seeking out and obtaining the relief requested in its Motion to Compel. Based upon Defendant's counsel's declaration and the documents attached thereto, Defendant requests that the Court award Defendant its reasonable and necessary attorneys' fees ($2,986.50) incurred in preparing, filing and prosecuting its Motion to Compel.

### III.   PRAYER

Defendant Globe Energy Services, LLC respectfully requests that the Court award it $2,986.50 as reasonable costs and attorney's fees in obtaining the relief requested in its Motion to Compel.

        Respectfully submitted,

        */s/ Russell D. Cawyer*
        Russell D. Cawyer
        State Bar No. 00793482
        russell.cawyer@kellyhart.com
        Hannah L. Penley
        State Bar No. 24090323
        hannah.penley@kellyhart.com
        KELLY HART & HALLMAN LLP
        201 Main Street, Suite 2500
        Fort Worth, Texas  76102
        817-878-2500
        817-878-9280 (Fax)

        **ATTORNEYS FOR DEFENDANT**
        **GLOBE ENERGY SERVICES, LLC**

## CERTIFICATE OF SERVICE

On June 3, 2016, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

        */s/ Russell D. Cawyer*
        Russell D. Cawyer